### UNITED STATES of America, Plaintiff–Appellee,

v.

### Andre J. TWITTY, Defendant–Appellant.

No. 16–1036.

United States Court of Appeals, Tenth Circuit.

Feb. 3, 2016.

J. Bishop Grewell, Office of the United States Attorney, Denver, CO, for Plaintiff–Appellee.

Andre J. Twitty, Florence, CO, pro se.

Before McHUGH, McKAY, and MORITZ, Circuit Judges.

### ORDER AND JUDGMENT *

Defendant–Appellant Andre J. Twitty appeals from an order of the district court

---

1. In dismissing his first ten claims, his eleventh claim of cumulative error necessarily fails.

* This panel has determined unanimously that oral argument would not materially assist in

the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doc-

denying his most recent motion seeking release pending resolution of his related appeal No. 14–1171. *See* Dist. Ct. Doc. 251 ("Motion to Alter or Amend the Release Pending Appeal Order, Pursuant to Rule 59(e)"). The latter appeal was finally resolved on February 1, 2016. In our decision, we noted Mr. Twitty had "requested release pending appeal from this court, ha[d] unsuccessfully requested release pending appeal from the district court, and [had] recently filed a motion in this case seeking review of the district court's denial of his district court motion for release." *United States v. Twitty*, No. 14–1171, slip op. at 14 (Feb. 1, 2016). We then explained: "Now that we have dis-

posed of this appeal, his motions addressing release *pending appeal* are moot." *Id.* That situation has not changed. The matter under review concerns release pending appeal and is, therefore, moot. Should Mr. Twitty wish to seek his release pending the outcome of proceedings on remand, he must of course request such relief in the first instance from the district court.

This appeal is dismissed.

---

trines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.